# SECOND DEPARTMENT.

## GENERAL TERM, SEPTEMBER, 1873.

REMINGTON, appellant, v. STAATS.

*Surety — rights between several sureties for the same principal.*

Plaintiff gave his note to a bank as collateral security for moneys to be loaned to B. By a subsequent arrangement, made between the bank and defendant, defendant agreed to indorse notes to be given by B, on condition that the bank should exhaust its remedy against B and plaintiff before holding defendant liable. B gave certain notes, which were indorsed by defendant, upon which the bank advanced money. The notes not being paid, the bank sued plaintiff's collateral note and recovered judgment, which plaintiff paid. Plaintiff recovered from the bank, by action, possession of the notes given by B. *Held,* that when the bank made the collection from plaintiff the defendant's obligation was discharged.

APPEAL from a judgment in favor of defendant in an action tried at the Dutchess circuit, before Mr. Justice BARNARD, without a jury.

About March 25, 1870, the plaintiff made and delivered to the First National Bank of Rhinebeck, his promissory note, dated that day, for $5,000, payable on demand as collateral security for any money that might be advanced by said bank to one Francis F. Bonard, on his notes or otherwise, to the amount of $5,000. Thereafter an agreement was made between the bank and Staats, the defendant, whereby he (at the request of the bank) agreed to indorse the notes of Bonard to the amount of $5,000 in the aggregate, upon condition that the bank would not hold the defendant liable until after its remedy against the plaintiff and Bonard had been exhausted. At the time, and as a part of the agreement, the bank exhibited the $5,000 collateral note of the plaintiff, and advised defendant of the purpose for which the same was left with the bank, and of the responsibility of plaintiff.

Upon this agreement defendant indorsed four promissory notes of various amounts, being in the aggregate over $5,000, the proceeds of which were paid to Bonard.

These notes not being paid, an action was commenced by the bank against plaintiff upon his collateral note, and judgment recovered, which was paid by plaintiff.

Plaintiff brought action against the bank, and, by virtue of a judgment therein, recovered possession of the Bonard notes. Afterward Bonard failed.

At the time of making the agreement between the bank and defendant plaintiff was not present.

*Samuel A. Noyes* and *Abel Crook,* for appellant, cited *Thompson* v. *Ketcham,* 8 Johns. 190; *La Farge* v. *Rickert,* 5 Wend. 187; *Creery* v. *Holly,* 14 id. 26; *Armitage* v. *Pulver,* 37 N. Y. 494; *Norton* v. *Coons,* 6 id. 33.

*George Esselstyn,* for respondent, cited *Norton* v. *Coons,* 6 N. Y. 39; *Moore* v. *Cross,* 19 id. 227; *Bacon* v. *Burnham,* 37 id. 614; *Barry* v. *Ransom,* 12 id. 462; *Phelps* v. *Vischer,* 50 id. 69; *Ellis* v. *Brown,* 6 Barb. 303; *Sisson* v. *Barrett,* id. 199; *Robison* v. *Lyle,* 10 id. 512; *Harris* v. *Warner,* 13 Wend. 401; *Griffith* v. *Reed,* 21 id. 502; *Craythorne* v. *Swinburne,* 14 Ves. 160; *Carpenter* v. *King,* 9 Metc. 515; *Baker* v. *Briggs,* 8 Pick. 122; *Harris* v. *Brooks,* 21 id. 195; *Blake* v. *Cole,* 22 id. 97; *Artcher* v. *Douglass,* 5 Den. 509; *Labron* v. *Woram,* 1 Hill, 91; 7 Alb. L. J. 214, and cases cited; Pitman on Princ. & Sur. 148; Will. Eq. Juris. 114.

PRATT, J. The principle of contribution between co-sureties cannot be successfully disputed, but it is not involved in this case.

The testimony shows that the defendant agreed with the Rhinebeck Bank, that in case they failed to collect sums loaned from the plaintiff or his principal, the defendant would be responsible to the bank. That made defendant a surety for plaintiff. Defendant's responsibility was not to take effect except in event of a contingency that has not occurred. When the bank made the collection from plaintiff, the defendant's obligation was discharged and at an end.

There can be no question that defendant had the right to limit his responsibility to that contingency, and having done so, it cannot be extended to another state of facts.

It follows that the judgment must be affirmed with costs.

*Judgment affirmed.*